# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| CANDACE WILLRICH | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-561 |
| | § | (Judge Mazzant/Judge Nowak) |
| US MARSHAL'S OFFICE, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND
## <u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 17, 2015, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that Defendants U.S. Marshals Service, Stacia Hylton, and Robert Hobbs's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) and for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #20) be granted. The Magistrate Judge recommended Plaintiff's claims be dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #26).

On August 3, 2015, Plaintiff filed her Objections to Report and Recommendation of Magistrate Ruling (dkt. #26) (Dkt. #28). In her objections, Plaintiff declares that she and her ex-husband were "brutally beaten in their home in Lewisville, Texas by state and federal public servants," and that other members of her family were similarly beaten (Dkt. #28 at 2). Plaintiff alleges law enforcement officer tried to murder her. *Id*. Plaintiff contends that when she inquired about this matter to any law enforcement agent, the information and evidence was intentionally hidden from her. *Id*. Plaintiff claims that every United States Marshal in the

1

United States is aware of this matter, and all law enforcement agencies in Texas, and other states, conspired against her constitutional rights. *Id*.

***Objection 1 - Magistrate Judge's Analysis on Subject Matter Jurisdiction***

Plaintiff first objects to the Magistrate Judge's analysis of subject matter jurisdiction, stating, specifically, that public servants and agencies are not entitled to sovereign immunity when those same public servants and/or agencies violate an individual's constitutional rights (Dkt. #28 at 3). Plaintiff asserts that she has shown that there was a valid waiver of sovereign immunity because she has shown that Defendants actively participated in a conspiracy against Plaintiff's constitutional rights, civil liberties, and human rights. *Id*. Plaintiff attests that "someone" is violently battering her, and shooting "something directly at her in her home as if they can see her in her home;" Plaintiff describes the assault as "human torture." *Id*. at 3-4. Plaintiff contends that Defendants waived sovereign immunity when they participated in these acts. *Id*.

The Magistrate Judge found that Plaintiff's allegations against the United States Marshals and the individual Defendants in their official capacities are allegations against the United States, and that Plaintiff failed to demonstrate a valid waiver of sovereign immunity (Dkt. #26 at 6-7). "[T]he United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute." *Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."). The Magistrate Judge concluded that the Court lacked subject matter jurisdiction because Plaintiff's claims lacked a plausible foundation (Dkt. #26 at 6-7). This Court agrees. Plaintiff's allegations are not plausible.

Plaintiff alleges that every United States Marshal, and a large number of federal public servants, are involved in a conspiracy to shoot digital rays or "something" at Plaintiff's body, to manipulate and steal her thoughts, to murder her, and other implausible allegations. The Court lacks subject matter jurisdiction over these claims, and Plaintiff's first objection is overruled.

*Objection 2 - Magistrate Judge's Analysis on Failure to State a Claim*

Plaintiff next objects to the Magistrate Judge's analysis finding that Plaintiff failed to state a claim (Dkt. #28 at 6). Plaintiff contends that the Magistrate Judge made solely "boiler plate" statements and did not present sufficient reasoning to recommend granting a motion to dismiss. *Id*. Plaintiff states that she should have been entitled to perform discovery, and reasserts her conspiracy allegations against Defendants. *Id*. The Magistrate Judge clearly stated the legal standard applicable to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, and applied that analysis correctly according to binding United States Supreme Court precedent (*See* Dkt. #26 at 3-5, 8). The Magistrate Judge found that Plaintiff's allegations were conclusory, and not entitled to an assumption of the truth (Dkt. #28 at 8). Moreover, the Magistrate Judge determined that Plaintiff's complaint lacked any factual allegations that plausibly suggested an entitlement to relief. *Id*. Plaintiff's allegations are simply not plausible, and do not allow the Court to conclude that Plaintiff has sufficiently stated a claim against these Defendants. Accordingly, the Court finds that Plaintiff's objection is overruled.

*Objection 3 - Magistrate Judge's Notice to Plaintiff*

Plaintiff also objects to the Magistrate Judge's "Notice to Plaintiff," stating that "Plaintiff does not have an extensive history of filing frivolous cases anywhere in the United States" (Dkt. #28 at 8). Plaintiff states that the United States Court of Federal Claims directed her to a lower court for settlement purposes, and the Northern District of Texas "grossly discriminated" against

her by misstating facts and making incorrect rulings. *Id*. Plaintiff argues that "nothing presented to this court or any other court should ever prohibit her from filing future cases." *Id*. at 9. To the extent this is construed as a proper objection, Plaintiff's history of filing frivolous claims is well-documented by the Magistrate Judge, as well as other courts (Dkt. #26 at 9-10 (citing cases)). The Magistrate Judge warned Plaintiff that "abuses of the litigation process – such as filing frivolous cases – may result in sanctions, including monetary sanctions, and the prohibition of filing future cases except by leave of Court." *Id*. at 10. The Court possesses the inherent power "to protect the efficient and orderly administration of justice and… to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in the Court's inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Plaintiff has filed numerous cases in the United States Court of Federal Claims, the United States District Court for the Northern District of Texas, and this Court. Accordingly, the Magistrate Judge's warning to Plaintiff is appropriate, and Plaintiff's objection is overruled.

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely-filed objections (Dkt. #28), and having conducted a *de novo* review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #26) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants U.S. Marshals Service, Stacia Hylton, and Robert Hobbs's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1) and for Failure to State a Claim Under Rule 12(b)(6) (Dkt. #20) is **GRANTED**, and Plaintiff's case is **DISMISSED** with prejudice for lack of subject matter jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(1), and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**
**SIGNED this 12th day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE